IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br><br>HAMPTON ROADS REGIONAL<br>JAIL AUTHORITY,<br><br><br>     Defendant. | )<br>)<br>)<br>)<br>) Civil No.:  2:20-cv-410<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
### (Civil Rights of Institutionalized Persons Act, Americans with Disabilities Act)

PLAINTIFF, THE UNITED STATES OF AMERICA, by its undersigned attorneys, hereby alleges:

1.  The United States files this Complaint pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 (CRIPA), and Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131-12134 (ADA), to enjoin the Defendant, Hampton Roads Regional Jail Authority, from depriving prisoners of rights, privileges, or immunities secured and protected by the Constitution of the United States, and rights protected by the ADA.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 12133.

3.  The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a(a).

4.  The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met.  The Certificate of the Attorney General is appended to this Complaint as Attachment A and is incorporated herein.

5.  Venue in the United States District Court for the Eastern District of Virginia and in this Division is proper pursuant to 28 U.S.C. § 1391 and Local Rule 3(C).

## PARTIES

6.  Plaintiff is the United States of America.

7.  Defendant is the Hampton Roads Regional Jail Authority ("Jail").

8.  Defendant is responsible for the safety, care, custody, and control of prisoners housed in the Hampton Roads Regional Jail at 2690 Elmhurst Lane in Portsmouth, Virginia.

## FACTS

9.  The Jail is an institution within the meaning of 42 U.S.C. § 1997(1).

10. The Jail houses over 900 individuals, including pre-trial detainees, convicted prisoners, and youth accused of adult crimes ("prisoners").

11. The Jail is a public entity within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104, and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.

12. On December 12, 2016, the United States notified the Jail and local officials of its intention to investigate conditions in the Jail, including specifically whether the "Jail violates inmates' rights to adequate medical and mental health care, violates the constitutional rights of inmates who have mental illness by secluding them in isolation for prolonged time periods, and

violates the ADA rights of inmates who have mental illness by denying them access to services, programs, and activities by reason of their disability."

13. The United States' investigation included on-site inspections with expert consultants, staff and prisoner interviews, and extensive review of documents such as policies, procedures, forms, incident reports, grievances, medical records, and training records.

14. The United States provided the results and recommendations of its investigation to the Jail and local officials.   These disclosures include specifically those made in the United States' December 19, 2018 CRIPA Notice.   The constitutional and statutory violations outlined in the CRIPA Notice include those described in paragraphs 15 through 23 below.

15. Jail prisoners suffer serious harm or risk of serious harm from inadequate medical and mental health care, and from the Jail's use of prolonged restrictive housing, under current conditions, on prisoners with serious mental illness.

16. Such deficiencies are longstanding and have been in place throughout the course of the United States' investigation.

17. Defendant has not taken corrective action sufficient to correct the longstanding deficiencies.

18. Defendant fails to provide constitutionally adequate medical care to prisoners.   Many prisoners at the Jail have serious medical needs requiring treatment, and these prisoners are placed at a substantial risk of serious harm when they do not receive adequate treatment.   The Jail fails to provide  constitutionally adequate intake, discharge planning, sick call, chronic care, and emergency care such that prisoners are subjected to an unacceptable risk of harm due to delays or lack of treatment.

19. Defendant fails to provide constitutionally adequate mental health care to prisoners. Specifically, the Jail's current program fails to:  properly screen prisoners for mental illness;

provide adequate treatment planning; adequately administer medications and psychotherapy; and properly treat and supervise suicidal prisoners.

20. Defendant's use of prolonged restrictive housing under current conditions, including the failure to provide adequate medical and mental health care, violates the constitutional rights of prisoners with serious mental illness.

21. At least as of 2018, Defendant's restrictive housing practices of placing prisoners with mental health disabilities in restrictive housing on administrative status specifically because they are "mentally deficient," with no disciplinary or other reason given, discriminate against prisoners with mental health disabilities by denying them the benefits of the Jail's  services, programs, and activities when they would otherwise be qualified to access these benefits in non-restrictive housing in violation of the ADA.

22. Jail security staffing is poor, with insufficient numbers of trained and experienced staff to permit medical and mental health staff adequate access to provide prisoners with prompt treatment or to respond to medical or mental health emergencies.

23. The factual allegations set forth in paragraphs 15 through 23 have been obvious and known to Defendant for a substantial period of time; yet Defendant has been deliberately indifferent to prisoner health and safety by failing to adequately address the conditions described.

## VIOLATIONS ALLEGED

24. The allegations of Paragraphs 1 through 23 are hereby re-alleged and incorporated by reference.

25. Through the acts and omissions alleged in paragraphs 15 through 20 and 22 through 23, Defendant has violated the rights, privileges, and immunities of persons confined in the Jail

secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States.

26. Through the acts and omissions alleged in paragraphs 15 through 20 and 22 through 23, Defendant has engaged in a pattern or practice of conduct that deprives persons confined in the Jail of rights, privileges, or immunities secured or protected by the Eighth and Fourteenth Amendments to the Constitution.

27. Unless restrained by this Court, Defendant will continue to engage in the acts and omissions, set forth in paragraphs 15 through 20 and 22 through 23, that deprive persons confined at the Jail of rights, privileges or immunities secured or protected by the Constitution of the United States.

28. Through the acts and omissions alleged in paragraph 21, Defendant has discriminated against prisoners with mental health disabilities by denying them access to services, programs, and activities, because of their disabilities, in violation of the ADA.

29. Unless restrained by this Court, Defendant will continue to engage in the acts and omissions, set forth in paragraph 21, that discriminate against prisoners with mental health disabilities in violation of the ADA.

## **PRAYER FOR RELIEF**

30. The Attorney General is authorized under 42 U.S.C. § 1997a and 42 U.S.C. § 12133 to seek appropriate equitable relief.

31.  WHEREFORE, the United States prays that this Court enter an order:

   a.      declaring that the acts, omissions, and practices of Defendant set forth in paragraphs 15 through 20 and 22 through 23 above constitute a pattern or practice of conduct that deprives prisoners confined in the Jail of rights, privileges, or immunities secured or protected by the

Constitution of the United States and that those acts, omissions, and practices violate the Constitution of the United States;

b.        declaring that the acts, omissions, and practices of Defendant set forth in paragraph 21 above discriminate against prisoners with mental health disabilities in violation of the ADA;

c.        enjoining Defendant, its officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 15 through 23 above and requiring Defendant to take such actions as will ensure lawful conditions of confinement are afforded to prisoners at the Jail; and

d.        granting such other and further equitable relief as it may deem just and proper.

Respectfully submitted,

_____
WILLIAM P. BARR
Attorney General of the United States

G. ZACHARY TERWILLIGER
United States Attorney


By:                       /s/
Clare P. Wuerker
Assistant United States Attorney
Virginia Bar No. 79236
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Telephone - 757-441-6331
Facsimile - 757-441-6689
E-Mail - Clare.Wuerker@usdoj.gov

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
JUDY C. PRESTON
LAURA L. COWALL
KYLE E. SMIDDIE
Attorneys, Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, DC  20530
Telephone: (202) 307-6581
Kyle.Smiddie@usdoj.gov


Dated this 5th day of August, 2020